No. 672

U. S. FID. & GUAR. CO. v. FREEDMAN et al

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2489. Decided Jan. 5, 1925

661. INTOXICATING LIQUORS—T h e guaranteeing of fidelity, title and credit bonds etc.—for a money consideration, by a surety company, organized for such business, on application for a liquor permit, should be construed under the laws of insurance and principal allowed to recover premium paid for it. BUCHWALTER, J.

Samuel Freedman and Herman Richards being desirous of obtaining a wholesale liquor dealers permit from the United States Government, under the Prohibition Act made an application to the Government for such a permit. The National Prohibition Act and regulations thereunder provided that those persons desiring permits, except in certain instances, must file with the Federal Prohibition Director, a bond to insure compliance with the provisions of the Act, and of the regulations, and to cover any taxes and penalties which might be imposed under Revenue Law.

The U. S. Fidelity & Guaranty Co. executed a bond for $100,000 which had a premium of $1,000. It was filed with the Director in June 1920, and in August 1921 Freedman and Richards were notified that the permit was not issued. The return of the premium which had been paid to the Company was demanded, but was refused. Freedman and Richards brought action in the Hamilton Common Pleas and Richards died while the case was pending. The Company claimed that the bond remained in full force and effect until Aug. 31, 1921, and asked that they be given judgment for $1000 for the premium for the year beginning June 24, 1921.

Judgment in the Common Pleas was rendered in favor of Freedman. Error was prosecuted and the Company contended that this bond should have been construed under the terms of suretyship, and that the mere signing of the bond and the placing of it in the hands of the plaintiffs were sufficient to entitle it to the payment of the premium. It was also contended that the consideration in the contract for the execution of the bond which Freedman and Richards desired; that without such execution their application for a permit could not have been filed; that the existence of a liability on the bond was not the consideration and that whether or not there should be such liability depended on circumstances beyond their control. The Court of Appeals held:

1. The fact that by cross-petition the company asked for a premium beginning June 24, 1921, and, is urging the allowance of that claim, would almost preclude the theory of the payment being for execution of the bond.

2. The transaction discloses that the bond, although required to be forwarded with the application, insures against improper actions of the plaintiff when permit has been issued. There could be no liability on part of the company to the government if no permit was issued.

3. The fact that the bond was returned when the permit was refused further bears out the construction the Government placed thereon. Until a permit was issued no risk attached or could attach to the bond.

4. The authorities hold that the guaranteeing of such bonds for a money consideration by a surety company, organized for such business should be construed under the laws of insurance. "While in contracts like this, the more natural attitude of a "surety" is assumed by the form, it is, in effect, one of insurance."

5. No liability having attached to the defendant company because of the execution of the bond in question, Freedman was entitled to recover the premium paid. Judgment rendered in the Common Pleas affirmed.

Attorneys—Harmon, Colston, Goldsmith & Hoadly for Company; Pogue, Hoffheimer & Pogue, Oliver S. Bryant for Freedman et; all of Cincinnati.